GEORGE DEVLIN, ET AL. *v.* J. L. BETHSHEARS, ET AL.

[Abstract Kentucky Law Reporter, Vol. 7—522.]

**Parties to Proceedings to Sell Infant's Land.**

At this time infants must be made defendants to a proceeding to sell their lands, but prior to the adoption of the Code of Practice the guardian, by an ex parte petition in which his wards joined him, could legally procure an order for the sale of his ward's land.

APPEAL FROM McCRACKEN CIRCUIT COURT.

January 14, 1886.

OPINION BY JUDGE PRYOR:

An examination of this record discloses no state of case that would authorize the chancellor to interfere with the rights of the purchaser; if fraud existed between the guardian and the owner of the land in which the proceeds of the house was invested it did not affect one innocent of the wrong and who occupies the attitude of a purchaser for value.

The order of the county court appointing Devlin guardian for his

children is filed, showing that he was sworn and together with
E. T. Willis as surety entered into and acknowledged covenant con-
ditioned as the law requires. The bond is also exhibited. The
order of appointment was a sufficient approval of the surety and
the bond, and therefore no question can well be raised as to the
validity of the appointment and the right of the guardian to file the
petition under which the lot was sold. The only question which
arises is, Did the court have jurisdiction of the subject-matter and
the parties?

The ex parte petition made the children of the guardian co-
plaintiffs with him, and although in an informal way must be re-
garded as valid. This mode of proceeding was authorized prior to
the adoption of the code of practice, and sales have been sustained
by this court under similar petitions, alike in substance if not in
force. Under the present law the infants must be made defendants.
Some irregularities may be found in the proceeding, but they do
not render the judgment void; in fact, the money due the children
was invested in the Graves county farm under the supervision of
the chancellor, and if not of as much value as the house and lot, and
the chancellor was imposed on by the parties in interest, the pur-
chaser is nevertheless invested with a perfect title.

Perceiving no reason for a recovery by the appellants the judg-
ment below must be *affirmed.*

*W. G. Bullitt,* for *appellants.*

*A. Duvall, Sam Houston,* for *Appellees.*

[Cited, *Clements v. Hughes,* 13 Ky. L. 354, 17 S. W. 285.]